Anna Marie **MADISON**, Petitioner,

v.

**Ronald X. GORDON, Respondent.**

No. 00–0233.

Supreme Court of Texas.

Feb. 1, 2001.

**18.** *Id.*, 951 S.W.2d at 417 (Enoch, J., dissenting).

Karen B. Lukin, Lukin & Hedges, Houston, for Petitioner.

Lionel Mills, Houston, for Respondent.

PER CURIAM.

This case involves a title dispute and the characteristics of possession necessary to give a subsequent purchaser constructive notice of a possessor's claim. The court of appeals held that possession alone gives a purchaser constructive notice. 9 S.W.3d 476, 479. We disagree. Under Texas law, possession giving rise to constructive notice must be visible, open, exclusive, and unequivocal. The purchaser in this case proved as a matter of law that the claimant's possession was not exclusive or unequivocal. Accordingly, we reverse the court of appeals' judgment and render judgment for the purchaser.

Ronald Gordon owned a four-plex in LaMarque. He lived in one unit and rented out the others. Gordon has resided on this property since 1988. However, a number of title transfers have occurred, beginning in 1991. This dispute arises between Gordon and the fourth subsequent transferee, Anna Marie Madison, who is claiming bona fide purchaser status.

The first transfer occurred in 1991 when Gordon, while in jail, hired an attorney, Alton Williams, to defend him. Gordon signed a warranty deed conveying his property to a bondsman. The deed was properly recorded. Gordon also signed a note payable to the bondsman and secured by the property. The deed does not reflect this note. A year later, the bondsman conveyed the property to Williams, who properly recorded the deed. Williams then borrowed money and secured the loan with the property the following year. This deed of trust was also properly recorded.

In late 1993, Williams, in need of cash and unable to secure a loan, asked Madison, his fiancé, to purchase the LaMarque property. Madison agreed to do so and applied for a loan. The bank approved her application, and, in February 1994, Madison signed a note and deed of trust, payable to the bank. The bank recorded both documents. Williams then conveyed the property to Madison by warranty deed reflecting the vendor's lien recognized in Madison's note. Williams used the proceeds to pay his prior loan and taxes on the property.

In 1995, Gordon sued Madison, Williams, the bondsman, and the bank to recover title to the property. He also sued each defendant for fraud, civil conspiracy, and Deceptive Trade Practices Act violations. Madison counterclaimed against Gordon to quiet title and for attorney fees and costs as sanctions for a frivolous DTPA suit. Madison also filed a cross-claim against Williams for misrepresentation.

Gordon and Madison both filed summary judgment motions. Gordon's summary judgment motion claimed that the initial transfer to the bondsman was intended as a mortgage and that the bondsman's subsequent transfer to Williams was thus fraudulent. He also claimed that Madison could not assert bona fide purchaser as an affirmative defense because she had actual or, alternatively, constructive notice of his claims.

Madison's summary judgment motion invoked her status as bona fide purchaser.

She claimed she was a bona fide purchaser because she acquired the property in good faith, for value, and without notice, actual or constructive, of any third-party claim or interest. She claimed that Williams told her nothing about Gordon and that she did not otherwise have actual notice. She also claimed she had no constructive notice through the county's deed records because those records showed only Williams as the property's owner. She further contended that Gordon was on notice that the deed records showed Williams as the owner since sometime in 1992, yet he did nothing about it. Additionally, she claimed that, although Gordon has continued living on the property since 1988, he last claimed the property as his homestead and last paid property taxes in 1991—the year he transferred the property to the bondsman.

The trial court concluded that Madison was a bona fide purchaser, granted Madison's motion, and denied Gordon's motion. The trial court granted Gordon's motion to sever, and he appealed. The court of appeals reversed the trial court's judgment and rendered judgment for Gordon on Madison's affirmative defense. 9 S.W.3d at 480. It held that, as a matter of law, Madison was not a bona fide purchaser because Gordon's possession gave her constructive notice of his claim. 9 S.W.3d at 480. The court of appeals also remanded to the trial court the issue of whether Williams' transfer to Madison was illegal. 9 S.W.3d at 480. But the court of appeals affirmed the trial court's summary judgment for Madison on Gordon's fraud, civil conspiracy, and DTPA claims and on her counterclaim for attorney's fees. 9 S.W.3d at 480. Only Madison filed a petition for review in this Court. The sole issue in her petition is whether Gordon's possession gave Madison constructive notice of his claims. Gordon did not file a response to Madison's petition.

■ Status as a bona fide purchaser is an affirmative defense to a title dispute. See Cooksey v. Sinder, 682 S.W.2d 252, 253 (Tex.1984) (per curiam). A bona fide pur-

chaser is not subject to certain claims or defenses. See Carter v. Converse, 550 S.W.2d 322, 329 (Tex.Civ.App.—Tyler 1977, writ ref'd n.r.e.). To receive this special protection, one must acquire property in good faith, for value, and without notice of any third-party claim or interest. Houston Oil Co. v. Hayden, 104 Tex. 175, 135 S.W. 1149, 1152 (1911); Carter, 550 S.W.2d at 329. Notice may be constructive or actual. Flack v. First Nat'l Bank, 226 S.W.2d 628, 631 (Tex.1950); American Surety Co. v. Bache, 82 S.W.2d 181, 183 (Tex.Civ.App.—Fort Worth 1935, writ ref'd). Actual notice rests on personal information or knowledge. Flack, 226 S.W.2d at 631. Constructive notice is notice the law imputes to a person not having personal information or knowledge. Flack, 226 S.W.2d at 632.

■ One purchasing land may be charged with constructive notice of an occupant's claims. This implied-notice doctrine applies if a court determines that the purchaser has a duty to ascertain the rights of a third-party possessor. See Collum v. Sanger Bros., 98 Tex. 162, 82 S.W. 459, 460 (1904); American Surety Co., 82 S.W.2d at 183. When this duty arises, the purchaser is charged with notice of all the occupant's claims the purchaser might have reasonably discovered on proper inquiry. Dixon v. Cargill, 104 S.W.2d 101, 102 (Tex.Civ.App.—Eastland 1937, writ ref'd); see also Flack, 226 S.W.2d at 632. The duty arises, however, only if the possession is visible, open, exclusive, and unequivocal. See Strong v. Strong, 128 Tex. 470, 98 S.W.2d 346, 350 (1936) (holding claimant residing as "a member of [the record title-owner's] family" was not open or exclusive); see also Shaver v. National Title & Abstract Co., 361 S.W.2d 867, 869 (Tex.1962) (holding buried pipeline not "visible"); Paris Grocer Co. v. Burks, 101 Tex. 106, 105 S.W. 174, 176 (1907) (holding severed portion of a tract of land, though fenced off, was "too uncertain and equivocal" to give purchaser notice); Boyd v. Orr, 170 S.W.2d 829, 834 (Tex.Civ.App.—

Texarkana 1943, writ ref'd) (holding minor children's occupancy in mother's homestead was "not the character of possession as would constitute constructive notice"); *DeGuerin v. Jackson,* 50 S.W.2d 443, 448 (Tex.Civ.App.—Texarkana 1932) (holding there was no "visible" circumstance pointing to claimant as possessor of field and noting that "all authorities agree" that the possession must be "open, visible, and unequivocal" to impute notice to a potential purchaser), *aff'd,* 124 Tex. 424, 77 S.W.2d 1041 (1935).

In *Strong,* we described the kind of possession sufficient to give constructive notice as "consist[ing] of open, visible, and unequivocal acts of occupancy in their nature referable to exclusive dominion over the property, sufficient upon observation to put an intending purchaser on inquiry as to the rights of such possessor." *Strong,* 98 S.W.2d at 350. Possession that meets these requirements—visible, open, exclusive, and unequivocal possession—affords notice of title equivalent to the constructive notice deed registration affords. *Strong,* 98 S.W.2d at 348. However, we also held that "ambiguous or equivocal possession which may appear subservient or attributable to the possession of the holder of the legal title is not sufficiently indicative of ownership to impute notice as a matter of law of the unrecorded rights of such possessor." *Strong,* 98 S.W.2d at 350.

Gordon's possession as a tenant in a multi-unit structure did not satisfy the criteria necessary to give Madison constructive notice. His possession was neither exclusive nor unequivocal. As rental property, one would expect occupants on the property. Indeed, Gordon was one of four tenants living on the property, and there was nothing to indicate he would later claim title. Gordon's occupancy simply does not meet the exclusive requirement necessary to impute notice of his claims to Madison.

Nor does Gordon's possession meet *Strong* 's requirement that possession be unequivocal. When an occupant's possession is compatible with another's ownership assertion, the occupant's possession cannot be said to be unequivocal. *See Strong,* 98 S.W.2d at 350. Here, Gordon's occupancy was compatible with Williams' assurances of ownership. Thus his possession was "ambiguous or equivocal possession which may [have] appear[ed] subservient or attributable to" Williams. *See Strong,* 98 S.W.2d at 350. Accordingly, his possession was not unequivocal.

There are cases that seemingly support Gordon's position that possession alone gives rise to constructive notice. *See, e.g., Moore v. Chamberlain,* 109 Tex. 64, 195 S.W. 1135 (1917); *Collum,* 82 S.W. at 459; *Aldridge v. North E. Indep. Sch. Dist.,* 428 S.W.2d 447 (Tex.App.—San Antonio 1968, writ ref'd); *Bell v. Smith,* 532 S.W.2d 680 (Tex.Civ.App.—Fort Worth 1976, no writ). Though these cases correctly concluded that the third-party's possession gave rise to constructive notice, they do not mention *Strong* 's requirements that the possession be visible, open, exclusive, and unequivocal. But in each of these cases, the occupant lived in a single-unit dwelling. Arguably, this sole possession of property implicates visibility, openness, exclusivity, and unequivocality. Consequently, while it would have been better to assess the *Strong* requirements, we do not question the ultimate outcome in these cases.

Texas law requires visible, open, exclusive, and unequivocal possession to put a purchaser on notice of a possessor's claims. Gordon's possession does not satisfy these requirements. Therefore, Madison is a bona fide purchaser, not subject to Gordon's claims. Accordingly, without hearing oral argument, we reverse the court of appeals' judgment and render judgment for Madison. TEX.R.APP.P. 59.1.