United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 05-50080

IN RE ELIZABETH HAYES,

Debtor,

BANK OF AMERICA, N.A.,

Appellant,

VERSUS

HELEN G. SCHWARTZ, Trustee, JOHN HENDERSON, AND ELIZABETH HAYES,

Appellees.

Appeal from the United States District Court for the
Western District of Texas, San Antonio Division

( SA-03-CA-1228 )

Before DeMOSS, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

This bankruptcy appeal presents a dispute over the priority of two interests in residential real property located in San Antonio, Texas. Bank of America, successor to NationsBank, appeals the district court's order affirming the bankruptcy court's conclusion that the bank's secured interest on a mortgage to the real property

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

does not take priority over Mr. John Henderson's equitable interest in the real property. Henderson's equitable interest was based upon his purchase of the property by oral contract with the prior owner, Debtor Elizabeth Hayes, as well as upon Henderson's subsequent residence in and improvement of the property and home. Bank of America alleged a lien against the property based upon a deed of trust that was executed by Hayes in favor of NationsBank, after Henderson purchased and took possession of the property. The deed of trust secured a promissory note in the amount of $62,990.00 and was based upon Hayes's representation to the bank that the property was her homestead. The bankruptcy and district courts concluded that Bank of America had notice of Henderson's prior interest in the property by virtue of his open, exclusive, and unequivocal possession and accordingly that Bank of America was not a bona fide purchaser without notice.

In February 1997, Henderson and Hayes made an oral contract for Henderson's purchase of Hayes's home in Bexar County, Texas for $105,144.14. Henderson paid Hayes the following month in two cash installments. Henderson requested, but never received, a General Warranty Deed from Hayes. No instrument regarding the sale of the property was recorded. Henderson occupied the property, and no other residence, from April 1997 until May 1998. Henderson lived alone in the home on the property, parked his car in the driveway, completed improvements to the property (including external improvements, such as installing security bars on windows and

2

installing a new external air conditioning unit), and interacted with neighbors and local police as the owner of the property.

In May 1998, Hayes and NationsBank executed a promissory note secured by a deed of trust on the property. NationsBank conducted a title search on the property and determined that Hayes was the owner of record, but NationsBank did not inspect the property. Bank of America contends on appeal that its "Desktop Appraisal" method of title review prior to execution of the note was sufficient because it comported with industry standards. Henderson testified that he did not discover the existence of the bank's loan to Hayes until July 1999.

Hayes filed a Chapter 7 bankruptcy petition on September 11, 2002, and Helen Schwartz was subsequently appointed trustee. Bank of America filed a Motion for Relief from Stay, claiming that it was owed approximately $52,500 in unpaid principal on the note executed by Hayes, and Henderson filed an opposition, asserting his equitable lien in the property. The bankruptcy court ordered filings to determine the validity, extent, and priority of the liens.

Henderson ultimately filed a motion for summary judgment seeking declaration of the priority of his interest in the property. The bankruptcy court granted the motion, concluding that Bank of America was on inquiry and constructive notice of Henderson's visible, open, exclusive, and unequivocal occupation of the property and that the bank was not a bona fide purchaser for

value without notice of the prior claim. *See Madison v. Gordon*, 39 S.W.3d 604, 606-07 (Tex. 2001). The bankruptcy court noted that Henderson's payment for, occupation of, and improvements to the property satisfied the exception to the statute of frauds and relied upon Henderson's visible, open, exclusive, and unequivocal possession of the property to trigger Bank of America's duty of inquiry. Bank of America appealed to the district court, which affirmed the bankruptcy court's order granting summary judgment to Henderson. The district court declared, again, that Henderson's possession of the property was visible, open, exclusive, and unequivocal, giving constructive notice of title equivalent to the constructive notice that deed recordation would have provided. Accordingly, the district court concluded that Bank of America was not a subsequent purchaser without notice and that Henderson's interest took priority.

This Court reviews the bankruptcy court's rulings under the same standards used by the district court on its appellate review: conclusions of law are reviewed *de novo*, findings of fact are reviewed for clear error, and mixed questions of fact and law are reviewed *de novo*. *In re CPDC, Inc. (Zer-Ilan v. Frankford)*, 337 F.3d 436, 441 (5th Cir. 2003). The grant of summary judgment is reviewed *de novo*, applying the same standards as the district court. *Id*. (citing, among others, FED. R. CIV. P. 56(c)).

Bank of America raises multiple challenges to the orders; its

primary arguments are equitable in nature.  Bank of America argues that Henderson's possession was not open, visible, or unequivocal, but it does not dispute that he alone possessed the property.  Bank of America simply argues that nothing about his possession was inconsistent with Hayes's possession.  Bank of America also argues that the lower courts imposed an effective duty of inquiry that exceeds industry standards; however, it provides no Texas law, and our independent review reveals none, that requires or permits banking industry standards to dictate the law of interests in real property.  We decline to read any such rule into the law of the State of Texas.

After a careful review of the briefs and oral arguments of the parties, we AFFIRM the district court's opinion for essentially the reasons that court provided.

**AFFIRMED.**