NO. 07-05-0106-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



FEBRUARY 22, 2007


______________________________



ONEOK WESTEX TRANSMISSION, L.P., 



 Appellant


v.



CASTOR OIL, INC., 



 Appellee

_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. B33,697-0410; HON. ED SELF, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 This appeal arises from the entry of judgment after a bench trial wherein the trial
court found that Oneok Westex Transmission, L.P., did not have a valid and existing
pipeline easement over the property of Castor Oil, Inc. The parties agree that the written
easement given to Oneok by Castor's predecessor-in-interest was not recorded. Yet,
Castor claimed to be a subsequent purchaser for value without notice. The trial court
found the latter to be true. On appeal, Oneok argues that 1) it had an express easement
as a matter of law, 2) it had an easement by prescription as a matter of law, 3) it had an
easement by estoppel as a matter of law, 4) specific findings of fact and conclusions of law
were supported by no or insufficient evidence and the opposite was proven as a matter of
law, and 5) Castor did not carry its burden to prove it was a bona fide purchaser without
notice. We affirm the judgment. 

 Oneok obtained an easement over the property at issue from its predecessor-in-interest in 1975. However, the property interest was not recorded of record. Furthermore,
the easement was used to bury a pipeline across the property. Thereafter, Castor acquired
the realty in 1999. Allegedly, its officers knew nothing of the encumbrance until after the
acquisition. (1) It purportedly was discovered in 2001 while a representative of Castor was
hunting on the property. At that time, the individual noticed a pipeline marker or vent
hidden within weeds. Investigation eventually uncovered another vent or marker on the
property, which marker was also hidden in weeds.

 According to statute, an unrecorded conveyance is binding on a subsequent
purchaser who had notice of it. Tex. Prop. Code Ann. §13.001(b) (Vernon 2004). But, it
is not enforceable against a bona fide purchaser for value without notice. Reserve
Petroleum Co. v. Hutcheson, 254 S.W.2d 802, 805 (Tex. Civ. App.-Amarillo 1952, writ
ref'd n.r.e.). To fall within the latter category, the purchaser must have acquired the
property in good faith, for value, and without notice of any third-party claim. Madison v.
Gordon, 39 S.W.3d 604, 606 (Tex. 2001). Furthermore, when notice is purportedly
dependent upon possession of the interest, as here, the type of possession deemed
sufficient must be open, visible, exclusive and unequivocal. Id.

 Here, the trial court found that Castor was a subsequent purchaser for value without
notice of the easement or pipeline. Oneok challenges the finding because pipeline vents
or markers disclosed the location of the pipeline, they were allegedly seen by Castor
representatives before the property was acquired, other markers disclosing the location of
the pipeline were on adjacent property owned by another, Castor representatives drove by
the markers before closing the purchase, and investigation of the weeds disclosed the
markers on the property within 30 minutes. 

 In reviewing a no-evidence challenge like that here, we consider only the evidence
and reasonable inferences therefrom in a light most favorable to the trial court's findings. 
 Lewelling v. Lewelling, 796 S.W.2d 164, 166 (Tex. 1990). If there is more than a scintilla
of evidence to support the finding, the challenge fails. Id. Under a factual sufficiency
review, we consider and weigh all of the evidence and set the finding aside only if the
evidence supporting it is so weak that it is manifestly wrong or clearly unjust. Cain v. Bain,
709 S.W.2d 175, 176 (Tex. 1986). 

 According to the record, the property in question was bordered on the south by a
highway and a railroad right-of-way which abut each other. Pipeline vents or markers were
positioned on each side of the highway and each side of the railroad right-of-way. The vent
on the north side of the railroad easement also marked the south side of the property in
question; yet, it was unclear from the record whether that vent was actually located on the
railroad easement or on the property in question. There was also a vent on the north side
of the property. The four vents were aligned in a north-south direction. 

 Additionally, 1) Castor's president, Lee Browning, was not told of the easement
prior to purchase, 2) in April 1999, prior to Castor's purchase of the property in June, there
were weeds around the area where the pipeline lay, 3) prior to purchase of the property,
Browning attempted to inspect the entire property including the area where the north vent
was located but was prevented from doing so by weeds, 4) he noticed the north vent
sometime after the property was purchased when he was hunting pheasants, 5) after the
dispute arose, it took Browning 30 minutes to find the south vent due to weeds, 6)
Browning had seen the vents on the south side of the railroad tracks and on the highway
prior to purchase as well as markers east of the highway right-of-way, 7) the vents or
markers themselves did not indicate which way the pipeline ran, 8) the vents or markers
on the property still had signs after the dispute arose which showed the pipeline belonged
to Westar Transmission Company, a predecessor to Oneok, 9) Oneok had not maintained
the property surrounding the markers or vents, though it was required to do so, 10) an
environmental study of the property commissioned by Castor failed to reveal the easement
or pipeline, 11) the title acquired by Castor failed to mention the easement in question,
though it disclosed others, and 12) the first time Browning was actually able to see if the
vent markers adjacent to or on the north and south sides of the property actually aligned
was when he was raised 16 or 17 feet up in a forklift after the dispute arose. There was
also testimony that if maintenance had been performed on the vents, they should have had
Oneok stickers on them as opposed to Westar Transmission stickers. Given this and that
the vents or markers on the property were hidden in weeds that Oneok failed to remove
and that the alignment of the vents (thereby illustrating their direction) could not be
determined by someone standing on the ground, more than a scintilla of evidence
appeared of record supporting the conclusion that Oneok's possession of the easement
was not open, visible, exclusive, or unequivocal and that Castor lacked prior notice of the
easement. Thus, there exists legally sufficient evidence supporting the finding that Castor
was a bona fide purchaser for value without notice of the interest. 

 In assessing its factual sufficiency attack, we note that 1) Browning's testimony was
inconsistent regarding when he first became aware of the north pipeline vent, 2) an
employee of Oneok testified that every spring and summer, Oneok sprayed for weeds
around its markers, 3) a witness stated that the markers were examined once a year to
make sure they were in good condition, 4) a witness stated that if one were to align two
signs or markers, he would have an indication of the direction the pipeline ran, and 5) the
three vents along the highway and railroad right-of-way were not only visible in
photographs taken after 1999 but also lined up with each other. In other words, Oneok
relied upon the presence of the vent stands on the neighboring property as notice of the
existence of its pipeline. A similar argument was asserted in City of Corpus Christi v.
Krause, 584 S.W.2d 325 (Tex. Civ. App.- Corpus Christi 1979, no writ).

 In Krause, the city cited the existence of vent stand pipes placed over the location
of the pipeline as evidence of notice. However, the court found no such notice since the
markers were not actually on Krause's property, contained no directional lines indicating
which way the pipeline traveled, did not necessarily designate the direction of the pipeline,
and were not always visible from the highway due to weeds and grass. Id. at 329. Here,
we too have evidence of visible markers off of the property and evidence of weeds hiding
the vents on the property. And, while it may be that aligning the vents off of the property
may have indicated a direction of the pipe, they did not indicate that the pipe only ran
straight or that it failed to turn before it reached the property. And, that the pipeline could
have turned and run at an angle to the property is established in an exhibit depicting that
it did just that after crossing the property. Moreover, this same exhibit showed that there
were no vents visible (i.e. unhidden by weeds) on the lands abutting the north side of the
property with which to align the vents on the lands abutting the south side of the property. 
So, in light of the holding in Krause and the evidence before the trial court at bar, we
cannot say that the findings of the trial court were so against the great weight and
preponderance of the evidence as to be clearly wrong or manifestly unjust. (2) 

 This lack of notice also vitiated Oneok's claims of easement by prescription or
estoppel. See Rhodes v. Cahill, 802 S.W.2d 643, 645 (Tex. 1990) (stating that adverse
possession or acquisition by prescription must involve possession that is visible, notorious,
distinct, and hostile); Vinson v. Brown, 80 S.W.3d 221, 229 (Tex. App.-Austin 2002, no
pet.) (stating that no easement by estoppel can be imposed against a subsequent
purchaser for value who has no actual or constructive notice of the easement claimed). 

 

 Accordingly, we overrule all of Oneok's issues and affirm the judgment of the trial
court.

 

 Per Curiam

1. Castor's president did state, prior to trial, that he had seen an easement marker before the purchase
was completed. However, he testified otherwise at trial. 
2. Oneok also relies on Lake Meredith Development Co. v. City of Fritch, 564 S.W.2d 427 (Tex. Civ.
App.-Amarillo 1978, no writ) to support its proposition that the existence of the vent stands was sufficient to
give constructive notice. In Fritch, the existence of sewer and water lines was noted by three above ground
manholes and depressed ground along the pipelines visible from the road. Id. at 431. There was also
evidence that the pipelines were shown on the city maps which were available for inspection by the public.
Id. at 430-31. No such public resource was available at bar. Nor was there evidence that any vent stands
located on the subject property were visible from the road prior to the sale. Thus, Fritch is distinguishable.