

# IN THE
## TENTH COURT OF APPEALS

### No. 10-08-00233-CV

**VERNON KING,**

                                                            **Appellant**

 **v.**

**ELOY RUVALCABA,**

                                                            **Appellee**

**From the 19th District Court
McLennan County, Texas
Trial Court No. 2007-4348-1**

## MEMORANDUM OPINION

Appellant Vernon King obtained a judgment against L. M. Dyson, Jr. in July 1997.  King recorded an abstract of the judgment with the McLennan County Clerk in October 1997, and again in May 2007.  Both abstracts were correctly indexed by the county clerk.

L. M. Dyson, Sr. died in February 2006.  At the time of his death, Dyson, Sr. owned certain real property.  His will was admitted to probate in McLennan County. The will distributed the residuary of Dyson, Sr.'s estate to his spouse, but in the event

she did not survive him, as was the case, the residuary was to be divided into equal shares to his three children, one of whom is Dyson, Jr. The will did not make a specific devise of the real property to Dyson, Jr.

Dyson, Sr.'s estate was administered by independent administration, and the independent executrix was authorized to administer the estate without intervention from the probate court. The independent executrix was also specifically authorized by the will to sell the subject property without court order or notice to anyone. The independent executrix thus conveyed the subject property to Appellee Eloy Ruvalcaba on December 19, 2006, for the fair market value of the property at the time. At the time he purchased the property, Ruvalcaba did not have actual notice of King's abstracted judgment against Dyson, Jr., nor did he have knowledge or information about the estate's payment of any debts of the estate or any distributions to any beneficiaries of the estate.

Dyson, Sr.'s estate did have outstanding unpaid funeral expenses and expenses of administration at the time the property was sold to Ruvalcaba. In fact, over a year after the property was sold to Ruvalcaba, the estate still had "outstanding unpaid funeral expenses and expenses of administration, including attorney's fees that continue to accrue and have not been finally determined." Nevertheless, the parties stipulated that, during the course of administration and prior to the sale of the property, the estate received sufficient funds to pay debts of the estate and expenses of administration without having to sell the property.

Furthermore, on January 7, 2007, Richard S. Willett, another judgment creditor of Dyson, Jr., was paid the amount of proceeds Dyson, Jr. would have received from the estate's sale of the property to Ruvalcaba after offsetting a debt that Dyson, Jr. owed the estate. The independent executrix paid the sum to Willett pursuant to an Agreed Order Granting Motion for Turnover Order that had been signed in September 2006. King did not receive any proceeds from the estate's sale of the property to Ruvalcaba.

Ruvalcaba subsequently sued King to quiet title and to enjoin an execution sale of the property. Ruvalcaba also sought a declaratory judgment that the abstracts of judgment filed for record by King did not encumber the property with a judgment lien. The case was tried to the court on stipulated facts and exhibits. The trial court entered judgment in favor of Ruvalcaba and, at King's request, issued findings of fact and conclusions of law to support its judgment.[1] In seven issues, King appeals.

We begin with King's fourth issue in which he contends that the trial court erred in its conclusions of law four and five.[2] King argues that Ruvalcaba was not a bona fide purchaser who took title free of his judgment lien.

---

[1] King requested that the trial court amend two of its findings of fact. The trial court amended one of the findings but not the other.

[2] Conclusion of Law No. 4 states, "Eloy Ruvalcaba was a bona fide purchaser for value of the Property from the Estate because he purchased the Property for valuable consideration, in good faith and without notice of any illegality in the title to the Property." Conclusion of Law No. 5 states,

> The Abstracts of Judgment filed for record by Vernon King on October 1, 1997 in Volume 194, page 737 of the Official Public Records of McLennan County, Texas and again on May 3, 2007 under document number 2007015917 of the Official Public Records of McLennan County, Texas did not impart constructive notice to Eloy Ruvalcaba because they were not in the chain of title for the Property.

A bona fide purchaser is one who acquires property in good faith, for value, and without notice of any third-party claim or interest. *Madison v. Gordon*, 39 S.W.3d 604, 606 (Tex. 2001). Notice may be actual or constructive. *Id.* Actual notice results from personal information or knowledge. *Id.* Constructive notice is notice the law imputes to a person not having personal information or knowledge. *Id.*

Here, the parties stipulated that Ruvalcaba did not have actual notice of King's abstracted judgment against Dyson, Jr. at the time Ruvalcaba purchased the property. Instead, citing section 13.002 of the Property Code, King argues that Ruvalcaba acquired the property with constructive notice of the judgment lien because Dyson, Sr.'s will, showing Dyson, Jr. as a beneficiary of the estate, is a matter of record, as is the abstract of judgment that King recorded against Dyson, Jr. *See* TEX. PROP. CODE ANN. § 13.002(1) (Vernon 2003) ("An instrument that is properly recorded in the proper county is . . . notice to all persons of the existence of the instrument."). Ruvalcaba responds that the abstract of judgment recorded only against a beneficiary did not impart constructive notice to him. Ruvalcaba notes that an examination of the chain of title leading to Dyson, Sr.'s ownership of the property did not disclose the judgment lien, nor was anything filed in the probate case that would put a purchaser on notice of the recorded abstract of judgment against Dyson, Jr. *See Westland Oil Dev. Corp. v. Gulf Oil Corp.*, 637 S.W.2d 903, 908 (Tex. 1982) ("[A] purchaser is bound by every recital, reference and reservation contained in or fairly disclosed by any instrument which forms an essential link in the chain of title under which he claims." (emphasis omitted)). We agree with

Ruvalcaba that he did not have constructive notice of King's judgment lien against Dyson, Jr.

Ruvalcaba did not purchase the property from Dyson, Jr.; rather, he purchased the property from Judy Ducharme, as independent executrix of the estate of Dyson, Sr.[3] As independent executrix, Ducharme had significant authority to convey estate property. King has not challenged conclusions of law eight, nine, or ten, which state as follows:

> 8. Judy Ducharme, as independent executrix of the Estate, could sell the Property as she deemed necessary or desirable in her administration of the Estate.
>
> 9. An economic necessity was not required for the Estate to sell the Property and divest Ludwig M. Dyson, Jr. of his equitable interest in the Property and extinguish Vernon King's judgment lien because the Last Will and Testament of Ludwig M. Dyson, Sr. contained a power of sale clause that did not require an economic necessity to sell Estate property.
>
> 10. Alternatively, Eloy Ruvalcaba was not required to determine if there was an economic necessity requiring the sale of the Property and could rely on the administrative decision of Judy Ducharme, as independent executrix of the Estate, that the Property should be sold.

Furthermore, Dyson, Sr.'s will expressly provided that his "just debts, funeral expenses, and expenses of last illness be first paid from my estate," and the parties stipulated that at the time the property was sold to Ruvalcaba, the estate still had outstanding unpaid funeral expenses and expenses of administration. Although Ducharme did not use the proceeds from the sale of the property to satisfy claims against the estate, the parties agree that if she had, the sale would have divested Dyson,

---

[3] Ducharme is another of Dyson, Sr.'s children.

Jr. of his interest and thus extinguished King's judgment lien, if any, on the property. *See Woodward v. Jaster*, 933 S.W.2d 777, 781 (Tex. App.—Austin 1996, no writ). Ruvalcaba was not required to inquire as to whether the proceeds of the property were actually applied to the debts. *Dallas Servs. for Visually Impaired Children, Inc. v. Broadmoor II*, 635 S.W.2d 572, 576 (Tex. App.—Dallas 1982, writ ref'd n.r.e.). As stated by Ruvalcaba in his brief, "If the rule were otherwise, purchasers would be reluctant to purchase property from an estate, and the ability of probate estates to sell property would be unduly hampered."

For these reasons, Ruvalcaba did not have constructive notice of King's judgment lien even though Dyson, Sr.'s will, identifying Dyson, Jr. as a beneficiary of the estate, is a matter or record, and King had recorded the abstract of judgment against Dyson, Jr. Ruvalcaba is thus a bona fide purchaser of the property, and the property was validly conveyed to him by the executrix. *See* TEX. PROB. CODE ANN. § 188 (Vernon 2003). King's fourth issue is overruled, and we need not address his remaining issues.

We affirm the trial court's judgment.

REX D. DAVIS
Justice

Before Chief Justice Gray,
        Justice Reyna, and
        Justice Davis
Affirmed
Opinion delivered and filed October 13, 2010
[CV06]