

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00070-CV

Yolanda H. **MONTOYA** and Daniel Lopez,
Appellants

v.

Rosemary H. **GUTIERREZ**,
Appellee

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2014CI07335
Honorable Karen H. Pozza, Judge Presiding

Opinion by:     Rebeca C. Martinez, Justice

Sitting:     Sandee Bryan Marion, Chief Justice
             Rebeca C. Martinez, Justice
             Luz Elena D. Chapa, Justice

Delivered and Filed: October 30, 2019

REVERSED AND REMANDED

Appellants Yolanda H. Montoya and Daniel Lopez (collectively the "Appellants") appeal the trial court's judgment quieting title in favor of Appellee Rosemary Gutierrez. The Appellants argue the trial court erred in granting title in favor of Gutierrez as a bona fide purchaser because Gutierrez failed to assert her status as a bona fide purchaser as an affirmative defense in her pleadings. We agree, and, consequently, reverse the trial court's judgment and remand the case for further proceedings consistent with this opinion.

## BACKGROUND

On September 1, 2006, Eduardo Herrera executed a deed granting real property to Montoya. Herrera then deeded the same property to Gutierrez on September 29, 2006. Gutierrez filed her deed in the county property records on October 6, 2006. Montoya subsequently filed her deed in the county property records on October 26, 2006. Thus, although Montoya received her deed first, she recorded it after Gutierrez recorded her deed. On May 11, 2007, Montoya then executed a deed granting an undivided one-half interest in the property to her son, Daniel Lopez.

Gutierrez was living on the property at the time that Herrera executed the two deeds and has continued to live on the property. The Appellants filed a trespass to try title suit against Gutierrez seeking title to and possession of the property and recovery for lost rents and profits during the time of their purported dispossession. Gutierrez filed a general denial along with the sole affirmative defense of limitations in regard to any rent occurring more than two years prior to the filing of the suit. Gutierrez did not assert any counterclaims in her answer and did not amend her pleadings to include a bona fide purchaser defense or counterclaim. The first time Gutierrez asserted her status as a bona fide purchaser was in her response to a motion for summary judgment.

The case proceeded to a bench trial, and the Appellants argued at trial that Gutierrez's failure to assert her status as a bona fide purchaser as an affirmative defense in her pleadings precluded her from arguing the defense at trial. Before the trial court heard evidence and argument on the bona fide purchaser defense, the Appellants expressly stated on the record that they were not trying the affirmative defense of bona fide purchaser by consent. Nevertheless, much of the trial testimony revolved around the bona fide purchaser defense, and the trial court granted judgment declaring Gutierrez as the sole owner of the property. The trial court granted the Appellants a lien against the property in the sum of $16,583.64 for the reimbursement of taxes

paid on the property. Montoya and Lopez appeal, arguing that the trial court erred by granting title to Gutierrez as a bona fide purchaser when Gutierrez did not raise that defense in her pleadings.

DISCUSSION

In a nonjury trial, "[w]here findings of fact and conclusions of law are not properly requested and none are filed, the judgment of the trial court must be affirmed if it can be upheld on any legal theory that finds support in the evidence."[1] *In re W.E.R.*, 669 S.W.2d 716, 717 (Tex. 1984) (per curiam); *see also Rivas v. Rivas*, 452 S.W.3d 49, 56 (Tex. App.—El Paso 2014, no pet.) ("If the appellate court determines the evidence supports a theory raised by the pleadings or tried by consent, then it is presumed that the trial court made the necessary findings and conclusions to support a recovery on that theory." (citing *Lemons v. EMW Mfg. Co.*, 747 S.W.2d 372 (Tex. 1988) (per curiam))). The judgment of the trial court, however, "shall conform to the pleadings" of the parties. TEX. R. CIV. P. 301. Thus, "a trial court may not grant relief in the absence of pleadings to support such relief." *In re G.M.*, No. 04-13-00689-CV, 2014 WL 1242662, at *3 (Tex. App.—San Antonio Mar. 26, 2014, no pet.) (mem. op.).

With regards to what must be pleaded by a party, Rule 94 of the Texas Rules of Civil Procedure mandates: "In a pleading to a preceding pleading, a party shall set forth affirmatively . . . any . . . matter constituting an avoidance or affirmative defense." TEX. R. CIV. P. 94. "Status as a bona fide purchaser is an affirmative defense." *Madison v. Gordon*, 39 S.W.3d 604, 606 (Tex. 2001) (per curiam).[2] Generally, affirmative defenses are waived if they are not raised in a

---

[1] Because their request was filed eight days late, the Appellants did not properly request findings of fact and conclusions of law. *See* TEX. R. CIV. P. 296 (stating a party must file its request for findings of fact and conclusions of law within twenty days after the judgment is signed); *Williams v. Kaufman*, 275 S.W.3d 637, 642 (Tex. App.—Beaumont 2009, no pet.) (holding the trial court is not required to comply with an untimely request for findings of fact and conclusions of law).

[2] A bona fide purchaser is one who "acquire[s] property in good faith, for value, and without notice of any third-party claim or interest." A bona fide purchaser receives "special protection" in that they are "not subject to certain claims or defenses" in a title dispute. *Madison*, 39 S.W.3d at 606.

party's pleadings. *Compass Bank v. MFP Fin. Servs., Inc.*, 152 S.W.3d 844, 851 (Tex. App.—Dallas 2005, pet. denied).

Here, the record shows that Gutierrez did not plead her status as a bona fide purchaser in her answer, and neither did she amend her pleadings to include the affirmative defense. *See* Tex. R. Civ. P. 94. Gutierrez asserts the pleading requirements were satisfied when she alleged her bona fide purchaser status in her response to the Appellants' motion for summary judgment. However, a summary judgment response is not a pleading, and including an affirmative defense in a summary judgment response "cannot . . . invoke an otherwise unpled affirmative defense." *Miller v. Argumaniz*, 479 S.W.3d 306, 310 (Tex. App.—El Paso 2015, pet. denied); *see In re S.A.P.*, 156 S.W.3d 574, 576 n.3 (Tex. 2005) (per curiam) ("[A] motion for summary judgment is not a pleading."). Because Gutierrez did not affirmatively plead her bona fide purchaser status, the defense was waived. *See Madison*, 39 S.W.3d at 606; *Compass Bank*, 152 S.W.3d at 851.

However, "[w]hen issues not raised by the pleadings are tried by [the] express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Tex. R. Civ. P. 67. Therefore, Gutierrez's only avenue for relief as a bona fide purchaser was if the issue had been tried by consent. "Trial by consent is intended to cover the exceptional case where it clearly appears from the record as a whole that the parties tried the unpleaded issue." *Compass Bank*, 152 S.W.3d at 854. It is not a "general rule of practice and should be applied with care, and never in a doubtful situation." *Id.* "To determine whether an issue was tried by consent, an appellate court must examine the record for evidence of the *trial* of the issue, not just admission of evidence on the issue." *Cont'l Homes of Tex., L.P. v. City of San Antonio*, 275 S.W.3d 9, 16 (Tex. App.—San Antonio 2008, pet. denied). A matter is considered to have been tried by consent when evidence regarding the unpled issue "is developed under

circumstances indicating both parties understood the issue was in the case," and the other party failed to make an appropriate complaint. *Id.*

Here, the Appellants' counsel expressly stated at the beginning of trial: "If you fail to plead [bona fide purchaser as an affirmative defense], then you can't argue it, so we're not going to try it by consent in this case." The Appellants' counsel obtained a running objection on the matter and, additionally, objected three times to the relevance of opposing counsel's line of questioning whenever the questioning broached an element of the bona fide purchaser affirmative defense. Each of the Appellants' counsel's objections were overruled by the trial court, and testimony on the affirmative defense allowed to continue. In their closing remarks, the Appellants' counsel reiterated:

> [T]here is really nothing to decide [in this case] other than the amount of the rents for the last two years . . . . Because at this point, it is too late to challenge title . . . . B[ona fide purchaser] is [an] affirmative defense to show that they have a superior interest, but it is an affirmative defense that wasn't pled.

"An affirmative defense cannot be tried by consent when the opposing party makes an appropriate complaint." *2000 GMC Sierra Truck v. State*, No. 07-16-00356-CV, 2018 WL 3543660, at *4 (Tex. App.—Amarillo July 23, 2018, no pet.) (mem. op.). Because the Appellants properly objected to the lack of a pleading supporting Gutierrez's bona fide purchaser defense and to trial of the issue by consent, there was no trial by consent. *See Tenet Health Sys. Hosp. Dallas, Inc. v. N. Tex. Hosp. Physicians Grp., P.A.*, 438 S.W.3d 190, 204 (Tex. App.—Dallas 2014, no pet.) (determining "there was no trial by consent" when the appellant objected to evidence of the appellee's affirmative defense and to the lack of a pleading supporting the defense); *Sorrell v. Elsey*, 748 S.W.2d 584, 589 (Tex. App.—San Antonio 1988, writ denied) ("[Appellant] objected to the introduction of evidence supporting th[e] affirmative defense, and thus preserved error and prevented trial by consent.").

Because Gutierrez did not affirmatively plead her bona fide purchaser defense and because the issue was not tried by consent, "the trial court could not . . . award judgment based thereon." *See Hays Consol. Indep. School Dist. v. Valero Transmission Co.*, 645 S.W.2d 542, 546–47 (Tex. App.—Austin 1982, writ ref'd n.r.e.); *see also Compass Bank*, 152 S.W.3d at 851 ("If an affirmative defense is not pleaded or tried by consent, it is waived, and the trial court has no authority to make a fact finding on that issue."). Thus, the trial court erred in granting title to Gutierrez based on her bona fide purchaser defense when it was neither pleaded or tried by consent. *See Hays*, 645 S.W.2d at 546–47. The Appellants' first issue is sustained.[3]

## CONCLUSION

The judgment of the trial court is reversed, and the case is remanded for further proceedings consistent with this opinion.

Rebeca C. Martinez, Justice

---

[3] Because we hold the trial court erred in granting title to Gutierrez based on her bona fide purchaser defense when it was neither pleaded or tried by consent, we need not address whether Gutierrez acquired the disputed property "for value." *See Madison*, 39 S.W.3d at 606 (defining a bona fide purchaser as one who "acquire[s] property in good faith, for value, and without notice of any third-party claim or interest"). We also do not address any other legal theory which could support the trial court's judgment because Gutierrez does not assert any other potentially viable theory and concedes in her brief that the trial court's judgment "rested on the Appellee's affirmative defense of bona fide purchaser." *See In re W.E.R.*, 669 S.W.2d at 717.