

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-25-00402-CV

———————————————————

WARD WILLIAMS, INDIVIDUALLY AND D/B/A WSW ENTERPRISES,
Appellant

V.

THE COUNTY OF DENTON, TEXAS, Appellees

---

On Appeal from the 431st District Court
Denton County, Texas
Trial Court No. 24-11025-431

---

Before Birdwell, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

Appellee the County of Denton, on its own behalf and on behalf of the City of Sanger and Sanger I.S.D., obtained a judgment against Appellant Ward Williams, individually and d/b/a WSW Enterprises, for unpaid property taxes on two manufactured homes. For one of the homes (the Preston Drive property), the judgment awarded $256.28 for two years' unpaid taxes assessed by the County, the City, and the I.S.D. For the other home (the Prairie Drive property), the judgment awarded $231.40 for two years' unpaid taxes assessed by the same entities.[1] Williams, pro se, argues in one issue on appeal that the trial court "erred or abused its discretion when it disregarded existing state law pertaining to manufactured homes and granted [the County] a judgment against [him]." Because Williams's brief does not show reversible error, we will affirm.

## Discussion

Williams makes several arguments under his issue. Relying on Texas Tax Code Section 32.03(a-1) and (b), Williams's primary complaint is that the County could not enforce its tax liens on the properties because "they were long past the deadline to record their liens with the State to make them enforceable." *See* Tex. Tax Code

---

[1]The judgment also included a $275 "Title Research Fee." *See* Tex. Tax Code § 33.48(a)(4) (providing that in a suit to collect delinquent taxes, a taxing unit may recover "reasonable expenses that are incurred by the taxing unit in determining the name, identity, and location of necessary parties and in procuring necessary legal descriptions of the property on which a delinquent tax is due"). Williams does not challenge the reasonableness of the amount assessed.

§ 32.03(a-1) (addressing when a tax lien on a manufactured home may be recorded), § 32.03(b) ("Unless a tax lien has been filed timely with the Texas Department of Housing and Community Affairs [the Department], no taxing unit . . . may use a tax warrant or any other method to attempt to execute or foreclose on the manufactured home."). Williams argues that the County "cannot enforce an expired and unenforceable tax lien on a manufactured home by alternatively filing for judgment against the owner."[2] We disagree that the County could not pursue personal liability against Williams.

Foreclosing on a tax lien is one method by which a taxing authority may secure payment of unpaid property taxes, but it is not the only method. A taxing authority may also bring suit to enforce personal liability against the property owner. *Willacy Cnty. Appraisal Dist. v. Sebastian Cotton & Grain, Ltd.*, 555 S.W.3d 29, 43 (Tex. 2018) (noting that "a property owner's tax liability exists by virtue of ownership, independent of the appraisal roll or tax bill" and that if property taxes are not paid, "the taxing unit may secure payment by legal action, including foreclosure on the lien[] . . . or a suit to enforce personal liability"). That is what happened here. The

---

[2]It is unclear whether Williams's argument is that the liens were never properly recorded in the first place or that they had been recorded but were subsequently extinguished due to inaction by the taxing units. *See* Tex. Tax Code § 32.015 (providing that, with respect to a manufactured home, "when no suit to collect a personal property tax lien has been filed and the lien has been delinquent for more than four years," the tax lien is extinguished and must be removed from the title records).

County stated at trial that it was not seeking to foreclose on the property "as no tax lien was filed," and the judgment was rendered against Williams personally, not against the properties. Williams cites no authority providing that a taxing unit may not pursue personal liability against the owner of a manufactured home when the taxing unit has no lien—or no enforceable lien—recorded with the Department, and we have found none. *See* Tex. Tax Code § 33.41(a) (providing that when tax on property becomes delinquent, "a taxing unit may file suit to foreclose the lien securing payment of the tax, to enforce personal liability for the tax, or both"). We overrule this part of Williams's issue.

Williams's brief further directs us to another part of Section 32.03(b), which provides, "A bona fide purchaser for value or the holder of a lien recorded on a manufactured home statement of ownership is not required to pay any taxes that have not been recorded with the [Department]." Tex. Tax Code § 32.03(b). Elsewhere in his brief, he references his trial exhibits, which included an "Original Statement of Ownership" for the Preston Drive property. This document—which was purportedly issued by the Department on November 18, 2021—reflects WSW's ownership of the property, and in a section for liens affecting the property, it states, "No Lien." Williams asserts in his brief that he was a bona fide purchaser for value of the properties, and from the parts of Section 32.03 that he capitalizes and sets out in bold

4

font in his brief,[3] he appears to argue that he was not obligated to pay any taxes on the properties because the unpaid taxes had not been recorded with the Department.

Even under Williams's interpretation of Section 32.03, we cannot agree that it prohibited the trial court from rendering judgment against him. Williams did not plead that he was a bona fide purchaser for value, and the trial evidence did not show that he was. *See Madison v. Gordon*, 39 S.W.3d 604, 606 (Tex. 2001) (stating that a person is a bona fide purchaser for value when the person acquires property in good faith, for value, and without notice of constructive or actual notice of a third-party claim). Williams's trial evidence showed only that WSW had acquired the Preston Drive property. It did not address the Prairie Drive property, and it did not address whether his acquisition of the Preston Drive property had been in good faith, for value, and without actual notice of unpaid taxes.[4] We overrule this part of Williams's issue.

Williams also asserts in his brief that the trial court did not allow him to argue his case. Williams did present evidence and make arguments to the trial court during trial, but the trial court did not give him a chance to make a closing argument. After

_____

[3]Williams's brief sets out this part of the section in bold font, with some words in all caps: "A bona fide purchaser for value or the holder of a lien recorded on a manufactured home statement of ownership and location IS NOT required to pay ANY taxes that have not been recorded with the [Department]."

[4]Williams does not urge any other defense on appeal, he did not plead or argue any other defense in the trial court, and no defense was tried by consent. Further, Williams does not challenge the sufficiency of the County's evidence to establish the delinquent taxes or his personal liability.

Williams testified, the trial court asked the County's attorney if he had "any argument to present beyond the evidence that's been tendered," and the attorney declined to make any argument. The trial court did not then ask Williams if he had any closing argument. Instead, the court asked Williams if he had any evidence that he did not own one of the properties in 2019 and 2020.[5] After Williams replied that he "[did not] have them in front of [him]" and "would have to go to the state records," the trial court rendered judgment for the County without giving Williams the opportunity to make a closing argument.

Not every trial court error or abuse of discretion requires reversal. *See* Tex. R. App. P. 44.1. Williams does not tell us what argument he would have made had the trial court given him the opportunity. He does not explain what effect, if any, the lack of argument had on the outcome or how it prevented him from presenting his case on appeal. *See id.* He does not, for example, argue that he was prevented from producing evidence of his bona fide purchaser defense or from raising any other defense—indeed, he does not mention any other defense in his brief—or say what other evidence he had with him at trial but was unable to present.[6] Moreover, if

---

[5]The trial court did not specify the property to which it referred, but 2019 and 2020 were the two years for which Williams owed taxes on the Prairie Drive property. The trial court's inquiry appeared to be in response to Williams's earlier assertion that he no longer owned one of the properties.

[6]At trial, Williams told the trial court that he had some documents that "relate[d] to" one of the properties, but he "would have to show them to [the court] on [his] cell phone if [the court] want[ed] to see them." The trial court told him,

6

Williams believed that he had been prevented from introducing additional evidence at trial, he did not file a motion for new trial to present that evidence to the trial court or to complain that he had been prevented from presenting it. *See Johnson v. Paxton*, No. 02-22-00459-CV, 2023 WL 5115303, at *6 (Tex. App.—Fort Worth Aug. 10, 2023, no pet.) (mem. op.) (noting that appellant had elected not to file a motion for new trial, which would have allowed him to show what evidence, if any, he had been prevented from presenting, and he thus had not shown harm under Rule 44.1); *Bank of Am., N.A. v. Ochuwa*, No. 01-19-00368-CV, 2020 WL 5269416, at *3 (Tex. App.—Houston [1st Dist.] Sept. 3, 2020, no pet.) (mem. op.) (holding that appellant had failed to preserve complaint about exclusion of evidence when appellant had not pointed to any evidence that it would have offered but for trial court's premature rendition of judgment, had not made informal offer of proof following rendition, had not filed formal bill of exception, and had not argued in motion for new trial that trial court's rendition had prevented it from presenting additional evidence to support its claim, and noting that on appeal, with limited exception, appellant had not pointed to evidence it was unable to present due to premature judgment). Thus, we overrule the remainder of Williams's sole issue.

---

"That's not a permissible means of introducing evidence. You could admit it here in open court by hard copy[,] or it could be e-filed." Williams did not ask the court to recess to allow him time to print the documents, and he told the trial court that he had no other documents with him to admit as evidence.

7

## Conclusion

Having overruled Williams's sole issue, we affirm the trial court's judgment.

/s/ Mike Wallach
Mike Wallach
Justice

Delivered: May 21, 2026