

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-16-00025-CV

Beatrice **VASQUEZ** and Darryl De La Cruz,
Appellants

v.

**OLD AUSTIN ROAD LAND TRUST**; Joseph Anthony Pizzini, Individually
and as Trustee of Old Austin Road Land Trust; and John Price;
Appellees

From the 438th Judicial District Court, Bexar County, Texas
Trial Court No. 2015-CI-20809
Honorable David A. Canales, Judge Presiding

**OPINION ON MOTION FOR REHEARING**

Opinion by:    Patricia O. Alvarez, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Marialyn Barnard, Justice
Patricia O. Alvarez, Justice

Delivered and Filed:  July 26, 2017

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED

Appellees' motion for rehearing is denied.  This court's opinion and judgment dated June 14, 2017 are withdrawn, and this opinion and judgment are substituted.  We substitute this opinion to add a footnote setting forth our reason for reversing the trial court's no-evidence summary judgment as to appellants' trespass-to-try-title claim.

Appellants Beatrice Vasquez and Darryl De La Cruz appeal a summary judgment granted in favor of Appellees Old Austin Road Land Trust; Joseph Anthony Pizzini, individually, and as trustee of Old Austin Road Land Trust; and John Price. Appellants contend the trial court erred in granting a traditional summary judgment on the appellees' affirmative defenses of bona fide purchaser and collateral estoppel. Appellants further contend the trial court erred in granting a no-evidence summary judgment on their DTPA, fraudulent transfer, civil conspiracy, and intentional infliction of emotional distress claims. Finally, appellants contend the trial court erred in ruling on objections to the summary judgment evidence.

## BACKGROUND

In 1998, De La Cruz acquired a lot in Selma, Texas. De La Cruz allowed Vasquez, his aunt, to build a house on the lot.

In 1999, De La Cruz executed a deed conveying the property to Ralph Carpenter. De La Cruz and Vasquez subsequently sued Carpenter for DTPA violations arising from the conveyance. A jury found Carpenter engaged in "false, misleading and/or deceptive acts or practices that Beatrice Vasquez relied on to her detriment" and an unconscionable action or course of action against Appellants, and it awarded Vasquez $210,980.00 in damages.

On April 19, 2013, Carpenter conveyed the property to Old Austin Road Land Trust. On May 17, 2013, the appellants filed the underlying lawsuit against Carpenter and the appellees asserting numerous causes of action. The appellants obtained a temporary injunction ordering Carpenter and the appellees to cease any type of action that would interfere with Vasquez's quiet possession of the property during the pendency of the lawsuit.

The appellees filed a hybrid motion for summary judgment. In their traditional motion, they moved for summary judgment on their affirmative defenses of bona fide purchaser and

collateral estoppel. In their no-evidence motion, they challenged each of the appellants' claims asserted against them. The trial court signed an order granting the appellees' motion for summary judgment and severed the judgment into a separate cause.

## STANDARD OF REVIEW

"We review the grant of [a] summary judgment de novo." *Katy Venture, Ltd. v. Cremona Bistro Corp.*, 469 S.W.3d 160, 163 (Tex. 2015). To prevail on a traditional motion for summary judgment, the movant must show "there is no genuine issue as to any material fact and the [movant] is entitled to judgment as a matter of law." TEX. R. CIV. P. 166a(c); *accord Katy Venture*, 469 S.W.3d at 163. A trial court must grant a no-evidence motion for summary judgment unless the nonmovant raises a genuine issue of material fact on each challenged element of the nonmovant's claims. *KCM Fin. LLC v. Bradshaw*, 457 S.W.3d 70, 79 (Tex. 2015). We take as true all evidence favorable to the nonmovant, resolve all conflicts in the evidence in the nonmovant's favor, and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Katy Venture*, 469 S.W.3d at 163.

## SUMMARY JUDGMENT IN FAVOR OF CARPENTER

The appellants generally challenge the trial court's order granting summary judgment on any of their claims against Carpenter. Carpenter was not a party to the summary judgment proceedings because he did not file a motion for summary judgment or otherwise join the appellees' motion. "A trial court may not grant summary judgment in favor of a party that does not properly move for it by motion." *Willy v. Winkler*, No. 01-10-00115-CV, 2010 WL 5187719, at *2 (Tex. App.—Houston [1st Dist.] Dec. 23, 2010, no pet.) (mem. op.) (citing *Teer v. Duddleston*, 664 S.W.2d 702, 703 (Tex. 1984) (holding the trial court erred in adjudicating the rights of a party who did not move for summary judgment)). Accordingly, those portions of the

trial court's order granting summary judgment on any of the appellants' claims against Carpenter are reversed. In addition, to the extent the trial court's severance order severed any of the appellants' claims against Carpenter into the severed cause, that portion of the severance order is also reversed, and all of the appellants' claims against Carpenter remain pending in the original cause.

**BONA FIDE PURCHASER**

The appellees moved for traditional summary judgment on their affirmative defense of bona fide purchaser. The appellees asserted this defense in response to the appellants' trespass-to-try-title claim and the appellants' request to void the conveyance of the property from Carpenter to the appellees under the Texas Uniform Fraudulent Transfer Act (TUFTA). *See* TEX. BUS. & COM. CODE ANN. §§ 24.001–.013 (West 2015 & Supp. 2016).

**A.      Bona Fide Purchaser Defense to Title Dispute**

"Status as a bona fide purchaser is an affirmative defense to a title dispute." *Madison v. Gordon*, 39 S.W.3d 604, 606 (Tex. 2001). To be a bona fide purchaser, "one must acquire property in good faith, for value, and without notice of any third-party claim or interest." *Id.* "Notice may be constructive or actual." *Id.* "Constructive notice is notice the law imputes to a person not having personal information or knowledge." *Id.*

The Texas Supreme Court has described constructive notice in this context as follows:

> One purchasing land may be charged with constructive notice of an occupant's claims. This implied-notice doctrine applies if a court determines that the purchaser has a duty to ascertain the rights of a third-party possessor. When this duty arises, the purchaser is charged with notice of all the occupant's claims the purchaser might have reasonably discovered on proper inquiry. The duty arises, however, only if the possession is visible, open, exclusive, and unequivocal.

*Id.* (citations omitted). Sole possession of a single-unit dwelling implicates visibility, openness, exclusivity, and unequivocality. *Id.* at 607; *see also Whoa USA, Inc. v. Regan Properties, LLC*,

No. 05-13-01412-CV, 2014 WL 6967852, at *6–9 (Tex. App.—Dallas Nov. 26, 2014, no pet.) (mem. op.) (reversing summary judgment based on bona fide purchaser defense where the person living on the property was in sole possession of the property).

**Bona Fide Purchaser Defense under TUFTA**

One of the remedies available to a creditor who prevails under TUFTA is to avoid a fraudulent transfer. TEX. BUS. & COM. CODE ANN. § 24.008(a) (West 2015); *Janvey v. Golf Channel, Inc.*, 487 S.W.3d 560, 566 (Tex. 2016). A transfer is not voidable, however, "against a good faith person who took in good faith and for a reasonably equivalent value." TEX. BUS. & COM. CODE ANN. § 24.009(a); *accord Janvey*, 487 S.W.3d at 567. Just as a bona fide purchaser in a title dispute must establish the absence of actual or constructive notice of any third-party claim or interest, in order to qualify as a person who took in good faith under TUFTA, the person must prove he had no actual or constructive knowledge of any third-party claim or interest. *Hahn v. Love*, 394 S.W.3d 14, 31 (Tex. App.—Houston [1st Dist.] 2012, pet. denied); *Citizens Nat'l Bank of Tex. v. NXS Const., Inc.*, 387 S.W.3d 74, 85 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

**B.      Analysis**

In his affidavit, Appellee John Price, who is one of the trustees of the Old Austin Road Land Trust, stated Carpenter informed him "that there was a lady living in the property who had promised to pay Mr. Carpenter for the house, pay the taxes and pay the utilities. Mr. Carpenter informed me that none of that was done and that we would probably have a battle getting her out." Similarly, in his deposition, Price admitted Carpenter told him there was a lady living in the home and that she would not leave. Price further admitted that Carpenter told him he had tried and failed several times to evict Vasquez.

Viewing the evidence in the light most favorable to the appellants, the appellants were in sole possession of a single-unit dwelling, and the appellees knew about their possession. This evidence is sufficient to raise a genuine issue of material fact as to whether the appellees had constructive notice that the appellants had a claim or interest in the property. Therefore, the trial court erred in granting summary judgment in favor of the appellees on their affirmative defense of bona fide purchaser against the appellants' trespass-to-try-title claim and the appellants' attempt to apply TUFTA to void the transfer from Carpenter to the appellees.

### COLLATERAL ESTOPPEL

The appellees also moved for traditional summary judgment on their affirmative defense of collateral estoppel. The appellees' based their collateral estoppel defense on the appellants' judgment against Carpenter in which Vasquez was awarded damages for her DTPA claim based on the jury's findings that Carpenter engaged in "false, misleading and/or deceptive acts or practices" and in "an unconscionable action or course of action."

Collateral estoppel bars a claim only if "(1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action." *Sysco Food Servs., Inc. v. Trapnell*, 890 S.W.2d 796, 801 (Tex. 1994); *accord City of San Antonio v. Cortes*, 468 S.W.3d 580, 586 (Tex. App.—San Antonio 2015, pet. denied). The facts litigated in the prior action between the appellants and Carpenter were whether Carpenter violated the DTPA by the actions he took in relation to the conveyance of the property from De La Cruz to Carpenter. Those facts are different than the facts sought to be litigated in the underlying action.

The appellees contend the prior judgment resolved the issue of title to the property because De La Cruz sought the restoration of his title to the property as a remedy for Carpenter's DTPA

violations under section 17.50(b)(3),[1] which the trial court denied. This contention ignores the requirement that the prior litigation had to fully and fairly litigate the *facts* relating to title in order for collateral estoppel to apply. *See Sysco Food Servs.*, 890 S.W.2d at 801; *City of San Antonio*, 468 S.W.3d at 586. The trial court's decision not to grant De La Cruz the relief he sought under section 17.50(b)(3) did not involve the litigation of *facts* relating to title. Accordingly, the trial court erred in granting summary judgment in favor of the appellees on their affirmative defense of collateral estoppel.

### DTPA

The appellees moved for no-evidence summary judgment on the appellants' DTPA claim. One of the elements of the appellants' DTPA claim that the appellees challenged in their motion was the appellants' status as a consumer. The motion stated appellants could not "prove they are a consumer with regard to" the appellees.

In an order to prevail on a DTPA claim, the plaintiff must show that he is a consumer. *See* TEX. BUS. & COM. CODE ANN. § 17.50(a) (West 2011) (providing a "consumer" may maintain an action); *Henry Schein, Inc. v. Stromboe*, 102 S.W.3d 675, 705 (Tex. 2002); *Bus. Staffing, Inc. v. Viesca*, 394 S.W.3d 733, 742 (Tex. App.—San Antonio 2012, no pet.). "Consumer" is defined to include an individual "who seeks or acquires by purchase or lease, any goods or services." TEX. BUS. & COM. CODE ANN. § 17.45(4); *accord Viesca*, 394 S.W.3d at 742. "In determining consumer status, 'our focus is on the plaintiff's relationship to the transaction.'" *Viesca*, 394 S.W.3d at 743 (quoting *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 815 (Tex. 1997)).

---

[1] Section 17.50(b)(3) allows a consumer who prevails on a DTPA claim to obtain "orders necessary to restore to any party to the suit any money or property, real or personal, which may have been acquired in violation of this subchapter." TEX. BUS. & COM. CODE ANN. § 17.50(b)(3) (West 2011).

In this case, the appellants' DTPA claim relates to a transaction involving the conveyance of property from Carpenter to the appellees. Because the appellants did not seek or acquire goods or services in relation to this transaction, the trial court properly granted summary judgment on the appellants' DTPA claim against the appellees.

## TEXAS UNIFORM FRAUDULENT TRANSFER ACT

In their brief, the appellants contend the appellees moved for no evidence summary judgment on their Texas Uniform Fraudulent Transfer Act claim. After reviewing the appellees' motion, we do not find a no-evidence challenge to this claim, which was only alleged against Carpenter.[2] Instead, the appellees challenged this claim by filing a traditional motion for summary judgment on their bona fide purchaser defense in an effort to prevent an avoidance of the transfer. We previously held summary judgment was improperly granted on that defense.

## CIVIL CONSPIRACY

The appellees moved for no-evidence summary judgment on the appellants' civil conspiracy claim. The motion stated there is no evidence of any unlawful act committed by the appellants or of any engagement in any questionable course of conduct.

In their brief, the appellants argue they had a viable cause of action for civil conspiracy under the DTPA. They assert that "to show a conspiracy to engage in false, misleading or deceptive acts or practices in violation of [the DTPA] requires proof of an agreement to obtain property from others by engaging in a course of conduct which the parties know has a tendency or capacity to deceive." *See Bourland v. State*, 528 S.W.2d 350, 354–55 (Tex. Civ. App.—Austin 1975, writ ref'd n.r.e.).

[2] Appellees moved for no-evidence summary judgment on Appellants' claims for common law and statutory fraud, and the trial court granted it. However, on appeal, Appellants do not challenge the summary judgment on those claims.

However, the appellants presented no evidence that the appellees knew their agreement to acquire the property from Carpenter had a tendency or capacity to deceive the appellants. *But see id.* Although the evidence raised a genuine issue of material fact on whether the appellees had notice that Vasquez was living on the land, such notice is no evidence that the appellees engaged in a course of conduct knowing the appellants would be deceived. *But see id.* No abstract of the appellants' judgment against Carpenter was filed in the deed records; therefore, it did not appear in the appellees' title search. Furthermore, in his affidavit, Price stated the appellees contacted Carpenter because the property was posted for a tax foreclosure, the appellees did not know Carpenter prior to the transaction, and the appellees had no knowledge of the judgment. Therefore, the trial court properly granted summary judgment as to the appellants' civil conspiracy claim against the appellees.

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

The appellees moved for no-evidence summary judgment on the appellants' intentional infliction of emotional distress claim. The motion stated there is no evidence of an extreme and outrageous act or that appellants suffered severe emotional distress as a result of any action by the appellees.

"To recover damages for intentional infliction of emotional distress, a plaintiff must [prove by a preponderance of the evidence] that: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's actions caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe." *Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 445 (Tex. 2004); *accord Kroger Tex. Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 796 (Tex. 2006). "Extreme and outrageous conduct is conduct so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency,

and to be regarded as atrocious, and utterly intolerable in a civilized community." *Hoffmann-La Roche*, 144 S.W.3d at 445 (internal quotation marks omitted) (quoting *Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex. 1993)); *accord Suberu*, 216 S.W.3d at 796. "Conduct that is merely insensitive or rude is not extreme and outrageous, nor are mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Suberu*, 216 S.W.3d at 796 (internal quotation marks omitted) (quoting *GTE Sw., Inc. v. Bruce*, 998 S.W.2d 605, 612 (Tex. 1999)); *accord Hoffmann-La-Roche*, 144 S.W.3d at 445. "Meritorious claims for intentional infliction of emotional distress are relatively rare precisely because most human conduct, even that which causes injury to others, cannot be fairly characterized as extreme and outrageous." *Suberu*, 216 S.W.3d at 796.

Whether conduct is extreme and outrageous is generally a question of law for the court to determine. *Hoffmann-La Roche*, 144 S.W.3d at 445; *Shannon v. Mem'l Drive Presbyterian Church U.S.*, 476 S.W.3d 612, 630 (Tex. App.—Houston [14th Dist.] 2015, pet. denied). "But when reasonable minds may differ, it is for the jury, subject to the court's control, to determine whether, in the particular case, the conduct was sufficiently extreme and outrageous to result in liability." *Hoffmann-La Roche*, 144 S.W.3d at 445; *accord Shannon*, 476 S.W.3d at 630.

When the appellees purchased the property, they had the utilities transferred to their name. After the trial court granted the temporary injunction allowing the appellants to remain in possession of the property, the appellees instructed the utility companies to terminate the services in their name because they did not have possession of the property. Based on these instructions, the water company shut off the water to the property for a brief period of time while Vasquez was taking a shower. The electricity company did not terminate its services. Although a factfinder might characterize appellees' conduct as insensitive, there was no evidence that the conduct was

"so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *See Hoffmann-La Roche*, 144 S.W.3d at 445 (internal quotation marks omitted) (quoting *Twyman*, 855 S.W.2d at 621). Accordingly, the trial court properly granted summary judgment on appellants' claim against the appellees for intentional infliction of emotional distress.

**EVIDENTIARY RULINGS**

In their final issue, the appellants contend the trial court erred in refusing to strike Price's affidavit and in striking Exhibit 5 to their response.

A trial court's ruling on an objection to summary judgment evidence is reviewed for an abuse of discretion. *Estate of Denman*, 362 S.W.3d 134, 140 (Tex. App.—San Antonio 2011, no pet.). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner, that is, if it acts without reference to guiding rules or principles of law. *Id.* at 140–41. To obtain a reversal for the improper admission or exclusion of evidence, the complaining party must establish the error was calculated to cause and probably did cause the rendition of an improper judgment. TEX. R. APP. P. 44.1(a); *Estate of Denman*, 362 S.W.3d at 141. Generally, errors relating to the admission or exclusion of evidence will not entitle an appellant to reversal unless the appellant can show the entire case turns on the evidence improperly admitted or excluded. *Estate of Denman*, 362 S.W.3d at 141.

A. **Price's Affidavit**

Appellees offered Price's affidavit in their summary judgment evidence, and the appellants objected that facts in Price's affidavit contradicted facts in his deposition, and his affidavit was therefore unreliable and inadmissible. The appellants contend Price testified in his deposition that the contract with Carpenter was a verbal contract; however, in Price's affidavit, he stated they

signed a note and deed of trust.  The trial court could have determined Price's reference to the verbal agreement was to the parties' initial agreement to purchase the property, and the note and deed of trust were executed only when the transaction closed.  Therefore, the trial court did not abuse its discretion in refusing to strike Price's affidavit.  *See id.*

## B.      Appellants' Exhibit 5

Appellants sought to admit their Exhibit 5, which contained copies of utility bills and payment receipts, but the appellees raised a hearsay objection, and the trial court excluded the exhibit.  Assuming the trial court erred in excluding the exhibit, the appellants have made no showing that their entire case turned on the exhibit or that the exclusion of the exhibit caused the rendition of an improper judgment.  *But see* TEX. R. APP. P. 44.1; *Estate of Denman*, 362 S.W.3d at 141.  Accordingly, the appellants would not be entitled to a reversal of the trial court's order based on error, if any, in excluding the exhibit.  *See Estate of Denman*, 362 S.W.3d at 141.

### CONCLUSION

The portions of the trial court's order granting summary judgment on any of the appellants' claims against Carpenter are reversed, and all of the appellants' claims against Carpenter remain pending in the original cause.

The portion of the trial court's order granting the appellees' no-evidence motion for summary judgment against the appellants' claims for common law and statutory fraud, intentional infliction of emotional distress, civil conspiracy, and DTPA violations is affirmed.

The portion of the trial court's order granting the appellees' traditional motion for summary judgment on the affirmative defenses of bona fide purchaser and collateral estoppel, and the

portion granting appellees' no-evidence motion on the appellants' trespass-to-try-title claim is reversed.[3]

The portion of the trial court's order granting a no-evidence motion for all defendants on appellants' fraudulent transfer claim is reversed.

The cause is remanded to the trial court for further proceedings.

Patricia O. Alvarez, Justice

---

[3] Appellees' no-evidence motion on the appellants' trespass-to-try-title claim asserted the appellants had no evidence of superior title to the subject property. The evidence attached to appellees' own motion, however, established title to the property was in appellant Darryl De La Cruz's name when it was conveyed to Carpenter. The evidence attached to appellants' motion established that Vasquez obtained a judgment for over $200,000 against Carpenter for violations of the DTPA relating to the conveyance of the property to Carpenter, and Vasquez was taking post-judgment actions in an effort to secure title to the property. Although Carpenter conveyed the title to the appellees before Vasquez could secure title, Vasquez has sued to set aside that conveyance as a fraudulent transfer. The foregoing is sufficient to defeat appellees' no-evidence motion on the appellants' trespass-to-try-title claim.