

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-20-00068-CV

_____

DOUGLAS GREENE, Appellant

V.

DISCOVER BANK, Appellee

On Appeal from County Court at Law No. 3
Tarrant County, Texas
Trial Court No. 2019-009601-3

Before Birdwell, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Birdwell

**MEMORANDUM OPINION**

Douglas Greene appeals from an order denying his motion to compel arbitration under the Federal Arbitration Act (FAA). *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.016; *see also* 9 U.S.C.A. § 16(a)(1). At trial, appellee Discover Bank did not oppose arbitrating the claim; instead, it argued that as the party seeking arbitration, Greene should be ordered to initiate the arbitration and pay the corresponding fee. The Bank did not file a brief in this appeal, but it did file a motion in which it again indicated its amenability to arbitrate; it also asked us to order abatement of the suit so that Greene could initiate and pay for arbitration. Although we denied the motion, we nevertheless reverse the trial court's order denying the motion to compel arbitration.

## Background

The Bank sued Greene to recover amounts it claimed were due on a credit card account. The day after filing an answer containing both general and specific denials and affirmative defenses, Greene filed a motion to compel arbitration in accordance with the credit card agreement, which he attached to his motion. The agreement provides in part, under a lengthy section entitled "ARBITRATION,"

> In the event of a dispute between you and us arising out of or relating to this Account or the relationships resulting from this Account or any other dispute between you or us ("Claim"), either you or we may choose to resolve the Claim by binding arbitration, as described below, instead of in court. *Any Claim* (except for a claim challenging the validity or enforceability of this arbitration agreement, including the Class Action Waiver) *may be resolved by binding arbitration if either side requests it.* THIS MEANS IF EITHER YOU OR WE CHOOSE ARBITRATION, NEITHER PARTY SHALL HAVE THE RIGHT TO LITIGATE

2

SUCH CLAIM IN COURT OR TO HAVE A JURY TRIAL. ALSO DISCOVERY AND APPEAL RIGHTS ARE LIMITED IN ARBITRATION. Even if *all parties* have opted to litigate a Claim in court, you or we may elect arbitration with respect to any Claim made by a new party or any new Claims later asserted in that lawsuit.

. . . .

**Fees and Costs.** If you wish to begin arbitration against us but you cannot afford to pay the organization's or arbitrator's costs, we will advance those costs if you ask us in writing.

[Emphases added.] Greene did not file a counterclaim against the Bank or engage in any discovery.

At the hearing on the motion to compel, the Bank's counsel asserted that Greene "wants to initiate arbitration and, I guess, have us pay for it. We feel like this is not equitable." The Bank did not dispute that its claims against Greene are arbitrable under the credit card agreement; instead, counsel told the trial court, "If they want to take this to arbitration, if that is their election, we feel they should have to bear the burden of performing all of the filing and the organization and the filing fees, and whatever other costs upfront for the arbitration."

The trial court did not address the payment issue. Instead, it construed the arbitration language in the agreement to mean that once one of the parties to the agreement had elected to sue in court, that party's claim was no longer subject to arbitration: "I just think this is pre-suit. I don't believe you can begin a lawsuit and then invoke the right of arbitration." Thus, the trial court denied Greene's motion.

3

**Standard of Review and Applicable Law**

We review the denial of a motion to compel arbitration for an abuse of discretion, deferring to the trial court's factual determinations if they are supported by evidence but reviewing its legal determinations de novo. *Henry v. Cash Biz, LP*, 551 S.W.3d 111, 115 (Tex. 2018). We review de novo whether the claims in dispute fall within the scope of a valid arbitration agreement. *Id.*

We construe arbitration agreements according to contract-construction principles. *AT & T Mobility LLC v. Concepcion*, 563 U.S. 333, 339, 131 S. Ct. 1740, 1745 (2011). Thus, we must ascertain the parties' true intent as expressed by the plain language they used. *See Great Am. Ins. v. Primo*, 512 S.W.3d 890, 893 (Tex. 2017). In doing so, we must examine the entire agreement to try to harmonize and give effect to all contractual provisions so that none will be meaningless. *MCI Telecomms. Corp. v. Tex. Utils. Elec. Co.*, 995 S.W.2d 647, 652 (Tex. 1999). We give a contract term its plain and ordinary meaning unless the contract indicates the parties intended to give it a different meaning. *Reeder v. Wood Cty. Energy, LLC*, 395 S.W.3d 789, 794–95 (Tex. 2012). Because contract construction is a utilitarian exercise, we must bear in mind the particular business activity sought to be served. *Reilly v. Rangers Mgmt., Inc.*, 727 S.W.2d 527, 530 (Tex. 1987).

## Analysis

Greene's three issues on appeal complain about the trial court's construction of the arbitration provision.[1] We agree that in accordance with the agreement's plain language, the trial court erred by determining that the arbitration agreement applies only before a party files suit. The italicized language, when read in context with the remainder of the arbitration provision and the entire agreement, makes clear that either party can request binding arbitration of "[a]ny claim"—"a dispute . . . arising out of or relating to" the credit card agreement or "any other dispute between" the parties—not related to enforceability or validity of the arbitration provision; nothing in that provision limits when that party may invoke its arbitration right, nor does anything in the arbitration agreement indicate that a party's right to invoke arbitration of a claim depends on whether another party has already filed suit. *See, e.g., SCI Tex. Funeral Servs., L.L.C. v. Montoya*, No. 13-19-00088-CV, 2020 WL 5582367, at *9 (Tex. App.—Corpus Christi–Edinburg Sept. 17, 2020, no pet.) (mem. op.) ("[T]he scope of an arbitration clause [under the FAA] that includes all 'disputes,' and not just claims, is very broad . . . ."); *Dewey v. Wegner*, 138 S.W.3d 591, 594, 602 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (noting that scope of FAA arbitration agreement pertaining

---

[1]Although the Bank has not challenged the applicability of the arbitration provision, a party cannot concede a question of law necessary to the proper disposition of an appeal. *See Hoskins v. Fuchs*, 517 S.W.3d 834, 841 (Tex. App.—Fort Worth 2016, pet. denied); *see also City of San Antonio v. Cortes*, 468 S.W.3d 580, 583 (Tex. App.—San Antonio 2015, pet. denied) ("[T]he applicability of an arbitration agreement is a question of law . . . .").

to "[a]ny controversy or claim" is "quite broad"). The trial court's conclusion that one party's unilateral election to file suit binds the other party to litigate in court—absent waiver, which the Bank did not allege or prove—reads language into the agreement that is not there and, thus, is not supported by the agreement's plain language. *See Tenneco Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 646 (Tex. 1996) ("We have long held that courts will not rewrite agreements to insert provisions parties could have included or to imply restraints for which they have not bargained."); *Nicholas Petroleum, Inc. v. Mid-Continent Cas. Co.*, No. 05-13-01106-CV, 2015 WL 4456185, at *6 (Tex. App.—Dallas July 21, 2015, no pet.) (mem. op.).

The Bank contended at trial and on appeal that Greene should be ordered to initiate the arbitration and pay the arbitration fees. But who pays for arbitration is an issue for the arbitrator to decide, absent an express agreement to the contrary. *See Conn Appliances, Inc. v. Jones*, No. 05-20-00149-CV, 2020 WL 6304990, at *3 (Tex. App.—Dallas Oct. 28, 2020, no pet.) (mem. op.). The arbitration agreement does not expressly state which party will pay for the cost to initiate arbitration other than to say that the Bank will do so on Greene's behalf if he makes a written request. Nothing in the arbitration agreement suggests that the parties agreed that if one elected to sue in court on a claim, the other would be required to pay the fee to initiate the arbitration elected by that party. Therefore, the question of who pays is for the arbitrator to decide, not the trial court. *See id.*

6

Accordingly, we hold that the trial court abused its discretion by denying Greene's motion to compel arbitration. We reverse the trial court's denial of arbitration, and we order the trial judge to compel arbitration and stay trial in accordance with Section 171.025 of the Civil Practice and Remedies Code. Tex. Civ. Prac. & Rem. Code Ann. §§ 171.021(b), (c), .025; *see also Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding) ("[F]ederal procedure does not apply in Texas courts, even when Texas courts apply the Federal [Arbitration] Act.").

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered: March 4, 2021