

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00241-CV

**ROLLING OAKS MALL LLC**,
Appellant

v.

**BEXAR APPRAISAL DISTRICT**,
Appellee

From the 288th Judicial District Court, Bexar County, Texas
Trial Court No. 2021-CI-16195
Honorable Cynthia Marie Chapa, Judge Presiding

Opinion by: Lori I. Valenzuela, Justice

Sitting: Rebeca C. Martinez, Chief Justice
Irene Rios, Justice
Lori I. Valenzuela, Justice

Delivered and Filed: February 25, 2026

REVERSED, RENDERED, AND REMANDED

This appeal arises from a summary judgment in favor of appellee Bexar Appraisal District (the "District"). Appellant Rolling Oaks Mall LLC (the "Mall") contends that the trial court erred in ruling that the District is entitled to judgment as a matter of law on its affirmative defenses and that the trial court should have rendered judgment in its favor on the same issue. The core issue is whether the bankruptcy court's dismissal of the Mall's request to determine the valuation of disputed ad valorem tax liability prevented the Mall from continuing to pursue its challenge in

state court on the same issue. We conclude that, based on these facts, the bankruptcy court's order, as reviewed by the federal district court, did not prevent the state court action from moving forward. Therefore, we reverse the trial court's judgment, render judgment granting the Mall's motion for summary judgment on the District's affirmative defenses, and remand for further proceedings.

## BACKGROUND

Underlying this dispute is a disagreement over the Mall's appraised ad valorem tax liability for the 2021 tax year. The Mall, disagreeing with the District's assessment, formally protested the appraisal. The parties continued to contest the appraisal through the administrative process, which ultimately resulted in the District prevailing. Dissatisfied with this result, the Mall appealed the final administrative ruling to the district court and, as a prerequisite for doing so, paid the required taxes (the "Tax suit"). *See generally* TEX. TAX CODE §§ 42.01–.09.

Before the administrative process concluded, the Mall and its parent company, Washington Prime Group Inc., filed for Chapter 11 bankruptcy. During the bankruptcy proceeding, it is undisputed that a proof of claim for the appraised value of the Mall's ad valorem taxes was filed by the District,[1] and that the Mall did not file an objection to the proof of claim. Instead, the Mall filed an adversary proceeding pursuant to 11 U.S.C. § 505 requesting that the bankruptcy court, within the proceedings of the pending bankruptcy, determine the Mall's ad valorem tax liability. *See generally* 11 U.S.C. § 505. The District moved to dismiss the Mall's section 505 proceeding or, alternatively, requested the bankruptcy court abstain from ruling on the Mall's request. After a hearing, the bankruptcy court granted the District's motion, dismissing the Mall's section 505

---

[1] We acknowledge that the District—which the District's counsel coined as the "valuation arm" of Bexar County during the bankruptcy proceeding—does not collect taxes and, here, did not file the proof of claim; Bexar County itself did. However, for the purpose of this appeal, we treat the District and the County as one.

proceeding against the District with prejudice. The Mall appealed the bankruptcy court's dismissal to the federal district court, which held that the bankruptcy court did not err in abstaining from determining the Mall's ad valorem tax liability. *See generally In re Washington Prime Grp., Inc.*, No. H-22-2922, 2023 WL 3764552 (S.D. Tex. June 1, 2023), *reh'g denied*, No. H-22-2922, 2023 WL 4906609, at *1–2 (S.D. Tex. Aug. 1, 2023).

Following the federal district court's decision on appeal of the bankruptcy order, the District moved for summary judgment in the state Tax suit. Based on the bankruptcy court's order, the District asserted it was entitled to summary judgment on its affirmative defenses of res judicata, collateral estoppel, and mootness. As the underlying basis for its motion, the District argued that the bankruptcy court's order explicitly dismissed the Mall's challenge to the appraised value of its 2021 ad valorem taxes on the merits. Therefore, the District concluded it was entitled to judgment as a matter of law. The Mall responded to the District's motion and filed its own motion for summary judgment, arguing that the District's affirmative defenses fail as a matter of law. The Mall posited that the federal district court, reviewing the bankruptcy court's order on appeal, held that the bankruptcy court did not make a merits determination when it dismissed the Mall's section 505 proceeding, but merely abstained from ruling to allow the Tax suit to resolve the issue. Both parties additionally asserted that, by applying judicial estoppel and the law of the case doctrine in their favor, they should prevail because the other party should be prevented from asserting a position inconsistent with an earlier position that had already been resolved at the federal level.

After a hearing, the trial court granted the District's motion for summary judgment and denied the Mall's. This appeal followed.

## SUMMARY JUDGMENT

### *Standard of Review*

"We review the trial court's summary judgment de novo." *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). "The standard for reviewing a summary judgment under Texas Rule of Civil Procedure 166a(c) is whether the successful movant at the trial level carried its burden of showing that there is no genuine issue of material fact and that judgment should be granted as a matter of law." *Gill v. Hill*, 688 S.W.3d 863, 868 (Tex. 2024) (internal quotation marks omitted). "A defendant urging summary judgment on an affirmative defense is in the same position as a plaintiff urging summary judgment on a claim." *Pollard v. Hanschen*, 315 S.W.3d 636, 639 (Tex. App.—Dallas 2010, no pet.); *Draughon v. Johnson*, 631 S.W.3d 81, 88 (Tex. 2021). Likewise, "[i]n the context of a plaintiff's traditional motion for . . . summary judgment to dispose of a defendant's affirmative defense, a plaintiff may prevail by conclusively negating at least one element of the defense." *Berry Contracting, L.P. v. Mann*, 549 S.W.3d 314, 322 (Tex. App.—Corpus Christi–Edinburg 2018, pet. denied).

In this case before this court, the trial court granted the District's motion for summary judgment and denied the Mall's motion without specifying the grounds for its orders. Because the parties filed competing motions for summary judgment on the District's affirmative defenses, we review both parties' summary judgment evidence, determine all questions presented, and render the judgment the trial court should have rendered. *Valence Operating*, 164 S.W.3d at 661.

### *Applicable Law and Analysis*

#### I.    *The Framework for Our Analysis*

The overarching issue in this appeal is whether the bankruptcy court's order, as reviewed by the federal district court, was a dismissal of the Mall's section 505 proceeding on the merits.

Both parties present conflicting flagship arguments centered around this issue. However, before we answer this inquiry, we begin our analysis by reiterating what is not in dispute.

It is undisputed that the Mall timely initiated its challenge to the District's appraisal valuation and met the requirements to appeal the unfavorable outcome of the administrative process to the state trial court. *See generally* TEX. TAX CODE §§ 42.01–.09. In meeting these procedural requirements, the Mall was required to, and did, pay the amount of appraised tax that was not in dispute. *See id.* § 41.4115(b). In the bankruptcy case, it is uncontested that a proof of claim was filed for the appraised valuation of the Mall's ad valorem taxes and that the Mall did not file a timely objection. For our purposes, this is where the undisputed matters end, and the controversy begins.

## II. *Section 505 Within the Context of This Case*

Although we are conscious that the issue before us does not include the interpretation of federal law, a brief background of 11 U.S.C. § 505 is helpful to the disposition of this case. Subject to exceptions not applicable here, generally, 11 U.S.C. § 505 provides a bankruptcy court the discretion to "determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction." *See* 11 U.S.C. § 505(a)(1). Importantly, as the language of the statute indicates, "[s]ection 505(a)(1) permits, but does not require, the bankruptcy court to determine a debtor's tax liability." *In re Vanguard Nat. Res., LLC*, 603 B.R. 310, 316 (Bankr. S.D. Tex. 2019). Because the statute does not require, but merely permits, a bankruptcy court to determine a debtor's tax liability, a bankruptcy court may, based on the consideration of several factors, abstain from determining tax liabilities under section 505. *See In re Luongo*, 259 F.3d 323, 330 (5th Cir. 2001) ("The factors

frequently cited by the courts in deciding whether to abstain include the complexity of the tax issues to be decided, the need to administer the bankruptcy case in an orderly and efficient manner, the burden on the bankruptcy court's docket, the length of time required for trial and decision, the asset and liability structure of the debtor, and the prejudice to the taxing authority."). When a bankruptcy court exercises its discretion to abstain from determining tax liabilities, it may dismiss the section 505 proceeding, and the parties may litigate the dispute in an available alternative forum, such as a state court, if jurisdiction is available. *See In re Lorax Corp.*, 295 B.R. 83, 90 (Bankr. N.D. Tex. 2003) ("When a court abstains from hearing a case, it declines to exercise its jurisdiction over a particular matter. The usual procedural device employed to abstain is to dismiss the matter pending before the federal tribunal, so that a parallel matter can proceed in an alternate forum.") (internal quotation marks and citations omitted).

Here, the Mall argues that based on the opinion of the district court reviewing the order of the bankruptcy court on appeal, the order dismissing its section 505 proceeding—i.e., its request for the bankruptcy court to determine its ad valorem tax liability—was not a ruling on the merits. Rather, the Mall contends that the bankruptcy court abstained from ruling, thereby allowing the Tax suit to proceed in state court. The District argues that the plain language of the bankruptcy court's order demonstrates that the ruling was on the merits, which would foreclose further litigation in the Tax suit. On rehearing, the federal district court summarized the crux of the dispute and its holding as follows:

> In its previous opinion, this court affirmed the decision of the bankruptcy court dismissing Rolling Oaks Mall's complaint contesting its tax liabilities under 11

U.S.C. § 505. The court found that the *bankruptcy court properly exercised its discretion to abstain* from deciding Rolling Oaks's § 505 challenge.

. . . .

Here, the taxing authority filed a proof of claim and Rolling Oaks paid that proof of claim without objection. It then attempted to initiate a § 505 action to contest its tax liabilities. The bankruptcy court viewed this as an improper attempt to avoid paying on the proof of claim. The bankruptcy court's decision clearly implicates several *Luongo* factors, including the need to efficiently administer the bankruptcy process, the court's burden in revisiting a debt already paid through a proof of claim, and the prejudice to the taxing authority, which had submitted the proof of claim, received no objection, and was paid. It was not inequitable to the debtor for the bankruptcy court to deny the debtor an opportunity to contest—*in that forum*—a debt to which it had not objected and had already paid.

*In re Washington Prime Grp., Inc.*, 2023 WL 4906609, at *1–2 (emphasis added, record citation omitted).

As applicable to this case, although we acknowledge that the bankruptcy court's order dismissed the Mall's section 505 proceeding with prejudice and without further explanation, we hold that the federal district court's ruling, as a court sitting on appellate review of the bankruptcy court's order, controls. The federal district court unequivocally held that the bankruptcy court exercised its discretion to abstain from ruling on the Mall's request to determine the valuation of its tax liability within the bankruptcy case. *See id.*; *In re Lorax Corp.*, 295 B.R. at 90. The bankruptcy court could have made its decision to abstain based on a combination of the *Luongo* factors or other considerations within its discretion. *See In re Luongo*, 259 F.3d at 330.

Based on our holding, we next determine whether, based on the bankruptcy court's abstention from the merits of the tax issue, the trial court properly granted summary judgment in favor of the District on its affirmative defenses.

### III.    *District's Affirmative Defenses Fail as a Matter of Law*

As for its affirmative defenses, the District asserted, based on the bankruptcy court's dismissal order, that it was entitled to judgment as a matter of law under res judicata, collateral estoppel, and mootness. For any one of these affirmative defenses to be meritorious as a matter of law in this case, it is required that the bankruptcy court's order dismissing the Mall's section 505 proceeding be a final judgment on the merits of the ad valorem tax liability issue, which would extinguish the live controversy over the same issue between the same parties in the Tax suit. *See Matthews ex rel. M.M. v. Kountze Indep. Sch. Dist.*, 484 S.W.3d 416, 418 (Tex. 2016) ("The mootness doctrine applies to cases in which a justiciable controversy exists between the parties at the time the case arose, but the live controversy ceases because of subsequent events."); *Barr v. Resolution Tr. Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 628 (Tex. 1992) ("Res judicata, or claims preclusion, prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as related matters that, with the use of diligence, should have been litigated in the prior suit."); *City of San Antonio v. Cortes*, 468 S.W.3d 580, 586 (Tex. App.—San Antonio 2015, pet. denied) ("Under both federal and Texas law, collateral estoppel applies when (1) the issue of fact or law sought to be litigated in the second action was fully and fairly litigated in the first action; (2) that issue of fact or law was essential to the judgment in the first action; and (3) the party against whom the doctrine is asserted was a party or was in privity with a party in the first action.").

Here, however, because the federal district court determined that the bankruptcy court abstained from the tax issue, it follows that the bankruptcy court did not rule on the merits of the ad valorem tax liability issue. *Cf. Barr*, 837 S.W.2d at 628; *Cortes*, 468 S.W.3d at 586. And because the bankruptcy court did not rule on the merits of the tax issue, a live controversy remains

between the parties in the Tax suit. *Cf. Heckman v. Williamson County*, 369 S.W.3d 137, 162 (Tex. 2012) ("Put simply, a case is moot when the court's action on the merits cannot affect the parties' rights or interests.").

In sum, because a live controversy continues to exist between the parties on account of the bankruptcy court's abstention, rather than ruling, on the merits of the Mall's section 505 proceeding, the District cannot prevail as a matter of law on its affirmative defenses of res judicata, collateral estoppel, or mootness. *See Matthews*, 484 S.W.3d at 418; *Barr*, 837 S.W.2d at 628; *Cortes*, 468 S.W.3d at 586. Accordingly, we hold that the trial court erred in granting summary judgment to the District on its affirmative defenses.

In the same vein, because we hold that the bankruptcy court's dismissal order did not rule on the merits of the Mall's tax liability, which is the sole basis for the District's affirmative defenses, the record shows that the Mall carried its summary judgment burden to prove that the District's affirmative defenses fail as a matter of law. Therefore, we hold the trial court erred in failing to grant summary judgment on this issue in favor of the Mall.[2]

### IV.   *Judicial Estoppel*

Finally, based on statements made during the pendency of the section 505 proceeding in bankruptcy court, both parties assert that the other should be judicially estopped from asserting their positions in the Tax suit. "In order for the doctrine of judicial estoppel to apply, a party must show the following: (1) the opposing party made a sworn, inconsistent statement in a prior judicial

---

[2] Addressing the parties' law of the case arguments, the doctrine mandates that "a court of appeals is ordinarily bound by *its initial decision* if there is a subsequent appeal *in the same case*." *See Briscoe v. Goodmark Corp.*, 102 S.W.3d 714, 716 (Tex. 2003) (emphasis added). This court was not involved, and we would not have jurisdiction, in the parties' bankruptcy proceedings. Likewise, to the extent that the District argues the federal district court's determination that the bankruptcy court abstained from ruling on the Mall's section 505 proceeding was erroneous, we have no jurisdiction to review the decisions of federal courts. *See Jones v. Baker*, No. 01-22-00013-CV, 2023 WL 5353374, at *4 (Tex. App.—Houston [1st Dist.] Aug. 22, 2023, no pet.) (mem. op.); *In re C.C.*, No. 02-17-00058-CV, 2017 WL 4819407, at *2 (Tex. App.—Fort Worth Oct. 26, 2017, no pet.) (mem. op.).

proceeding; (2) the opposing party making the statement gained some advantage by it; (3) the statement was not made inadvertently or because of mistake, fraud, or duress; and (4) the statement was deliberate, clear, and unequivocal." *Banta Oilfield Servs., Inc. v. Mewbourne Oil Co.*, 568 S.W.3d 692, 701 (Tex. App.—Texarkana 2018, pet. denied) (internal quotation marks omitted). The Supreme Court of Texas recently described judicial estoppel as follows:

> At its most general level, judicial estoppel is a common law doctrine that prevents a party from assuming inconsistent positions in litigation. Its essential function is to prevent the use of intentional self-contradiction as a means of obtaining unfair advantage. . . . . As with other forms of estoppel . . . the question is not whether a party's current position is correct but whether the party is entitled to press the position at all.

*George Fleming & Fleming & Assocs., L.L.P. v. Wilson*, 694 S.W.3d 186, 191 (Tex. 2024) (internal quotation marks, alterations, and citations omitted).

Because we have determined that the District is not entitled to summary judgment on its affirmative defenses, it is unnecessary for us to analyze judicial estoppel as it pertains to the District. Regarding the Mall, the record shows that although the Mall actively sought the bankruptcy court to assess the valuation of its ad valorem tax liability, counsel's statements during the proceedings and in its pleadings demonstrate that it has consistently maintained its position that, while the bankruptcy court could determine the Mall's tax liability, the Mall could also continue to seek the same redress in the Tax suit if the disputed valuation of its ad valorem tax liability was not resolved through the section 505 proceeding.[3] And critically, the Mall did not prevail in the bankruptcy court on the disputed ad valorem tax issue. *See Ferguson v. Bldg. Materials Corp. of Am.*, 295 S.W.3d 642, 643 (Tex. 2009) (per curiam) ("[A] party cannot be

---

[3] We additionally note that it was the District, not the Mall, that sought alternative abstention relief in its motion to dismiss the Mall's section 505 proceeding.

judicially estopped if it did not prevail in the prior action."). Accordingly, we hold that judicial estoppel does not bar the relief the Mall seeks.

## CONCLUSION

We reverse the orders of the trial court, render judgment in the Mall's favor on the District's affirmative defenses of res judicata, collateral estoppel, and mootness, and remand for further proceedings consistent with this opinion.

Lori I. Valenzuela, Justice